# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TIM FISHER, | No. 3:20-CV-00940 |
| Plaintiff, | (Judge Brann) |
| v. | (Magistrate Judge Cohn) |
| KILOLO KIJAKAZI,[1] *Acting Commissioner of Social Security*, | |
| Defendant. | |

## ORDER

### AUGUST 11, 2021

Tim Fisher filed this action seeking review of a decision by the Acting Commissioner of Social Security ("Commissioner") denying Fisher's claim for social security disability benefits and supplemental security income.[2] In June 2021, Magistrate Judge Gerald B. Cohn issued a Report and Recommendation recommending that this Court vacate the Commissioner's decision, remand this matter for further proceedings, and close this case.[3] The Commissioner filed timely objections to the recommendation, asserting that Magistrate Judge Cohn erred in recommending that the administrative law judge ("ALJ") failed to properly support

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Kilolo Kijakazi, as the successor officer to Andrew Saul, Commissioner of Social Security, is automatically substituted as Defendant in this action.
[2] Docs. 1, 16.
[3] Doc. 19.

his conclusion that Fisher could frequently interact with the public and supervisors, despite finding that Fisher had moderate limitations in his social functioning.[4]

"If a party objects timely to a magistrate judge's report and recommendation, the district court must 'make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'"[5] Regardless of whether timely objections are made, district courts may accept, reject, or modify—in whole or in part—the magistrate judge's findings or recommendations.[6]

The Court concludes that Magistrate Judge Cohn properly recommended that the ALJ's conclusion that Fisher could frequently interact with the public and supervisors "is not supported by the ALJ's finding of moderate limitation in social functioning."[7] While the Government asserts that the ALJ's finding is supported by substantial evidence, including Fisher's own statements regarding his activities of daily living, his part time employment, as well as mental status examinations and other objective medical evidence, the Court disagrees.

---

[4] Doc. 20.
[5] *Equal Emp't Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017) (quoting 28 U.S.C. § 636(b)(1)).
[6] 28 U.S.C. § 636(b)(1); Local Rule 72.31.
[7] Doc. 19 at 11.

Although the evidence to which the Government cites *may* have been sufficiently to independently support the ALJ's determination,[8] that determination is internally inconsistent without any explanation for that inconsistency, which prevents the Court from concluding that the ALJ's opinion is supported by substantial evidence. Importantly, the ALJ provided no explanation for permitting only occasional interaction with coworkers, but frequent interaction with supervisors and the public. Any evidence supporting limitations in an ability to interact with others would seem to call for greater restrictions in Fisher's ability to interact with supervisors than with any other persons. Additionally, the ALJ "afforded significant weight" to the opinion of John Tradibuono, Ed.D., who opined that Fisher would have mild difficulty interacting with both supervisors and coworkers.[9] Despite affording significant weight to that opinion, the ALJ does not explain why he treated Fisher's ability to interact with supervisors and coworkers differently, in spite of Tradibuono's opinion that Fisher was equally able—or perhaps unable—to interact with either category of persons. In light of these inconsistencies, the Court is unable

---

[8] Notably, it appears that Fisher's part time employment involved very little interaction with supervisors or the public, as he primarily drove three or fewer people in his vehicle twice per day. Doc. 15-2 at 61-62. Nor do the reported activities of daily living upon which the ALJ relied involve a great deal of interaction with authority or supervisory figures. *Id.* at 38. While Fisher was able to engage in part time work that involved interaction with only a few individuals, the evidence also reflects that he previously had issues with supervisors and some difficulty in interacting with the public. *Id.* at 38, 71-72.

[9] *Id.* at 44-45.

3

to discern why the ALJ believed that Fisher was able to frequently interact with supervisors and the public.

Thus, upon *de novo* review of the record, the Court finds no error in Magistrate Judge Cohn's recommendation that the ALJ failed to adequately support his conclusion that Fisher could frequently interact with the public and supervisors. Consequently, **IT IS HEREBY ORDERED** that:

1. Magistrate Judge Gerald B. Cohn's Report and Recommendation (Doc. 19) is **ADOPTED**;

2. The Commissioner's decision is **VACATED**, and this matter is **REMANDED** for further proceedings;

3. Final Judgment is entered in favor of Plaintiff and against Defendant pursuant to Fed. R. Civ. P. 58 and sentence four of 42 U.S.C. § 405(g); and

4. The Clerk of Court is directed to **CLOSE** this case.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge